UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELITO C. MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00321-TWP-MJD |
| | ) | |
| BARTHOLOMEW COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| MATT MYERS Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Filing Fee and Dismissing Complaint**

**I.**

The plaintiff shall have **through March 8, 2017**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so.

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against Bartholomew County Sheriff's Department and Sheriff Matt Myers, alleging that the conditions in Bartholomew County Jail violated his Eighth Amendment rights when he was incarcerated there from July 18 through July 22, 2016. Specifically, he alleges that he was housed in a cell without a working toilet or ventilation system and without toilet paper.

The plaintiff's claims must be **dismissed**.  To assert a claim for a constitutional violations pursuant to 42 U.S.C. § 1983, the plaintiff must allege that the defendants were personally involved in the alleged deprivation.  *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).  There are no allegations that Sheriff Matt Myers was personally involved in the alleged constitutional deprivation.  As to the Sheriff's Department, he does not assert that the alleged violations of his rights were the result of a widespread policy of practice, which is required to hold the Sheriff's Department liable.  *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009) (a municipal entity is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of its employees, but only if the injury alleged is the result of a policy or practice).

### III.

The plaintiff's complaint must be dismissed for the reasons set forth above.  The plaintiff shall have **through March 8, 2017**, in which to show cause why Judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013)

("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/9/2017

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
209 Franklin St.
Apt. B
Edinburgh, IN 46214